IRVING H. DRABBLE *vs.* ZONING BOARD OF REVIEW OF CITY OF PROVIDENCE.

APRIL 20, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for a writ of *certiorari* brought under the provisions of Chapter 430 of the Public Laws, January Session, 1923, to review the action of the Zoning Board of Review of the City of Providence in denying the petitioner's application for an exception or variation under the zoning ordinance of the city of Providence.

On September 2, 1931, petitioner filed his application, together with plans and specifications showing proposed alterations and additions to his building, with said board which, after a hearing, rendered a decision denying said application. Petitioner thereafter filed this petition for a writ of *certiorari* to review said decision.

It appears that petitioner is the owner of certain premises located at the northeast corner of Benefit and Charles Field streets in the city of Providence, having owned the same since July 22, 1914; that at the time of the passage of the zoning ordinances of said city he was using said premises in part for an undertaking establishment and in part as his residence.

By said zoning ordinance, petitioner's premises are included in a dwelling house district. The use of property so situated is restricted by Section 2 of said ordinance to a few occupations not including the undertaking business. However, petitioner continued to conduct his business in said district by virtue of Section 10 of said ordinance which allows an unauthorized use existing at the time of its passage to continue as a "nonconforming use" so-called.

In the application now before this court for review petitioner asks permission to extend such nonconforming use by making certain alterations and additions to his building. Such variation is prohibited by Section 10 of the zoning

ordinance unless petitioner can bring the same within the provisions of Section 24 (B) thereof which authorizes the Zoning Board of Review "when in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property will not be substantially or permanently injured . . . in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards . . . to determine and vary the application of the district regulations herein established in harmony with their general purposes and intent as follows: . . . (6) Permit the extension of a nonconforming use or building upon the lot occupied by such use or building at the time of the passage of this ordinance . . . ."

The building which petitioner seeks to alter and extend is of brick, with a one-story wooden ell at the rear thereof, and faces on Benefit street. Petitioner asks leave to erect on the north side of the present building a one-story brick extension and also to replace the one-story wooden ell in the rear with a two-story brick ell.

Petitioner states that the proposed alterations are for the purpose of providing a better and more dignified service. However, from the plans and specifications for said extensions it is apparent that there will be facilities for conducting the business upon a larger scale than at present, and that considerably more space will be occupied, due to the increased number of rooms and the larger cellar area which is to be used for garage and storage purposes. Petitioner's lot is comparatively small and will be substantially covered, in some directions to the property line, by the proposed alterations and additions in conjunction with the present building located thereon.

A letter from petitioner was introduced at the hearing, and one witness, the architect who drew the new plans and specifications, appeared for petitioner. The only objector was the owner of a residence directly across Charles Field street from petitioner's premises who by counsel presented his objection to the granting of said application.

One contention of petitioner is that the order of said board, refusing to grant the permit requested, deprives him of his property, thereby debarring him from his rights under the fourteenth amendment to the Constitution of the United States. This ground is not tenable. This court in *Heffernan* v. *Zoning Board of Review of Cranston,* 49 R. I. 283, held that, if a landowner applies directly to the Zoning Board of Review to authorize a special exception to or variance of the regulations established by the ordinance and after an adverse decision brings *certiorari* to review such decision, the sole question before the court is the propriety of the action of the board upon the application addressed to its discretion, and the petitioner will not be heard upon the question of the constitutionality of the act of the legislature under which the ordinance was enacted.

The sole question to be determined is whether or not the zoning board was guilty of an abuse of its discretion in refusing to grant permission to extend the nonconforming use of petitioner's property.

The parties in the instant case have brought to the attention of the court many decisions of this and other courts in which appear particular and specific reasons for granting or refusing to grant relief of the nature herein asked. This court in *Sundlun* v. *Zoning Board of Review of Pawtucket,* 50 R. I. 108, decided that it would be improper to set aside the decision of a zoning board of review "unless it is clear that their action 'has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense.' "

It is a matter of common knowledge that undertaking establishments are, according to general experience, undesirable in residential districts and in their very nature distasteful to those individuals who maintain their residences nearby, and such use of property may well have a tendency to decrease the value of real estate in the immediate vicinity.

In matters of this kind the board of review, as we have said in *Roberge* v. *Zoning Board of Review,* 157 A. 304, "should be and without doubt are familiar with the local conditions and needs." The extension of a nonconforming use is particularly one for consideration by the board since in cases of this nature there are often numerous elements to be considered which can be understood solely from a thorough knowledge of the surrounding property, its nature and use. The local board, because of this knowledge of local conditions, undoubtedly have realized the effect which the proposed alterations and additions on petitioner's premises would have upon those living or owning land near said property.

In the instant case it is urged by petitioner that he is making such changes and additions without any intention or expectation of increasing the amount of business carried on by him. However, it seems improbable that the expenditure of such a substantial sum and the extension of said building to cover nearly the whole of petitioner's lot would not to some extent be based upon the hope of adding to his business as well as to his convenience.

In view of the circumstances and a careful consideration of the evidence, the plat of the land and the proposed changes, we are of the opinion that there has been no abuse of judicial discretion by the board in denying the petition for the proposed extension of the nonconforming use of the premises in question.

The decision of the respondent board is affirmed. The petition for *certiorari* is denied and dismissed and the papers in the case are ordered remitted to the respondent board.

*Huddy & Moulton, Stuart H. Tucker,* for petitioner.

*John C. Mahoney, City Solicitor, John T. Walsh, Asst. City Solicitor,* for respondent.

*Edward Winslow Lincoln,* for Marsden J. Perry.