## Clemence E. A. Perrier *vs.*

### Board of Appeals of the City of Pawtucket.

JULY 17, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

140

PAOLINO, J. This is a petition for a writ of certiorari to review and quash a decision of the board of appeals of the city of Pawtucket, sitting as the zoning board of review, granting the application of an owner of a lot in a business district, on which was located an auto body works, for permission to extend said building and the use carried on therein into an adjoining lot which was located in a residence B district immediately adjacent thereto and on which he had an option to purchase. Pursuant to the writ the pertinent records have been certified to this court by the respondent board.

This petition was previously heard here, but because the board had failed to state the reasons for its decision, we remanded the record certified to us to the board for the purpose of clarifying and completing its decision in accordance with our opinion. *Perrier* v. *Board of Appeals*, 84 R. I. 356, 124 A. 2d 237. In compliance therewith the board has since filed a decision clarifying and completing its original decision.

An examination of the record shows that Arthur Beaudette, hereinafter called the applicant, is the owner of a parcel of land located at the corner of Newport and Charpentier avenues. This parcel, which is in a business district, is otherwise described as lot No. 197 on tax assessors' plat No. 4. A three-tenement dwelling house is located on the northerly portion of said parcel, and a 30 by 40 foot building is situated on the rear of said lot 197. This is used as an auto body workshop and fronts on Newport avenue.

The applicant has an option to buy lots 198 and 199 on tax assessors' plat 4. They are located on Charpentier avenue in a residence B district and lot 198 is immediately adjacent to lot 197.

On August 20, 1955 the applicant filed with the board an application for an exception or variance under the provisions of the zoning ordinance affecting said lot 198. He requested permission to erect a 40 by 50 foot cinder block addition to the existing building on lot 197 and an extension of the use carried on therein, namely, auto body work. The lot in question, which has an area of 5,000 square feet, has a frontage of 50 feet on Charpentier avenue and a depth of 100 feet. The record shows that the door to the addition would be 50 feet in from Charpentier avenue and that the rear wall of the building would be 52 feet from the westerly line of lot 199.

In the application he stated as grounds for the relief sought the fact that the existing building on lot 197 is not large enough for the business conducted by his sons who lease that property from him. He also stated that if the exception were granted it would relieve an existing hardship, since it would enable the sons to use the addition, and the extra land on lot 198 would give them much needed land area so that all cars could be kept off the street and away from applicant's residence and other residences. He further stated that the building would conform to any recommendations the board saw fit to make and that he would maintain lot 199 as a buffer between the proposed addition and the next abutting property to the west.

Notice of a public hearing was issued by the board on August 31, 1955 notifying the abutting property owners that Arthur Beaudette, applicant, and Stanley Hull, owner, had filed an application "for permission on Charpentier Avenue, plat #4 lot #198, in a residence 'B' district, to construct and use a 40′ x 50′ cinder block one story addition to Auto Body Works."

142

A public hearing was held before the board on September 6, 1955 at the time specified in the notice. The applicant, who did not appear in person, presented evidence, through a real estate broker, in favor of the application. In substance he testified that the granting of the application would obviate the parking of cars in front of the building and that the construction of the proposed addition would not depreciate the surrounding property. He further stated that blowers would be installed to blow the fumes towards Newport avenue.

The petitioner and other remonstrants appeared at the hearing and in substance their objections were based on the following grounds, namely, that junk cars were being parked on Charpentier avenue, that black smoke and the smell of paint emerged from the existing building, and that traffic would be increased.

The board took the matter under advisement, and after viewing the premises it filed a decision, which was subsequently clarified at our request, in which it set forth what it noted in viewing the premises. The board stated that the property immediately adjoining the premises on which applicant's shop is located is presently operated as a gasoline station; that the property directly across Newport avenue is used for a car lot displaying approximately forty or fifty cars; that diagonally across Newport avenue is a drugstore; that immediately adjoining this property to the north is a three-family dwelling owned by the Beaudettes; and that the lot in question is to the rear of the present body shop.

In its clarification of the original decision the board further stated that after making the above observations and viewing the evidence presented, it granted the application unanimously on the following grounds:

"(1) That the lot in question is not suitable for residential purposes.

    (2) That the proposed addition will not depreciate the surrounding property values.

    (3) That the proposed addition will not create a traffic hazard.

    (4) That the use of the proposed addition will not be detrimental to the health and welfare of the neighborhood because of the restrictions imposed herein.

    (5) That the proposed extension of the building and use into a more restricted district immediately adjacent thereto, will be in harmony with the character of the neighborhood, appropriate to the uses and buildings permitted in this district, and possessive of a reasonable tendency towards promoting the public convenience."

As provided in the original decision, the application was granted under certain conditions specified therein relating to the type of materials to be used in the construction of the proposed addition as well as certain safeguards to be installed in the spray room. It was also provided therein that there would be no repairing of vehicles in front of the building and that all rubbish would be removed from the property weekly.

The petitioner has briefed and argued several reasons in support of her petition. However, it seems to us, she is relying mainly on her contentions that sufficient notice of the hearing was not given by the board; that the decision was contrary to law because the applicant failed to show that a denial of the application would result in unnecessary hardship to him; and finally that there was no evidence to sustain the action of the board and therefore its decision was arbitrary. The respondent on the other hand contends that the only issue before us is whether it abused its discretion and thus acted arbitrarily in granting the application.

The petitioner's contention that she did not receive sufficient notice to engage counsel and properly protect her

rights is without merit. Due notice of a hearing on an application for an exception or a variance is required by the enabling act, general laws 1938, chapter 342, §8. The object of such notice is to give interested parties an opportunity to present facts which would assist the board in the performance of its duties. The petitioner's appearance before the board is proof that she had such an opportunity and availed herself of it by expressing her opposition to the granting of the instant permit. There is nothing in the record to indicate that she asked for an opportunity to engage counsel or for a continuance for any cause; nor is there anything therein to show that she was in any way prejudiced by the notice given. See *Hirsch* v. *Zoning Board of Review,* 56 R. I. 463; *Petrarca* v. *Zoning Board of Review,* 78 R. I. 130.

The pertinent part of sec. 26.18 of the zoning ordinance provides: "The board of review, after notice and hearing, may in a specific case and subject to appropriate conditions and safeguards, determine and vary the application of the regulations established in harmony with their general purposes and intent as follows: (4) Approve the extension of a use or building into a more restricted district immediately adjacent thereto."

The petitioner contends that the wording of this section clearly indicates that the board is bound to consider an application of this type as one for a variance and that it therefore has no authority to grant a special exception in the instant case. Although in his application the applicant did not specify the provisions of the ordinance upon which he based his request for relief, the record shows that both he and the board treated this as an application for an exception. In answering question No. 14 in said application, wherein the applicant is asked to "State grounds for exception or variation in this case," he used the following language: "If this *exception* is granted," and then proceeded to state his grounds. (italics ours) There was therefore

some evidence in the record to show that a request for a specific exception was being made, and inasmuch as petitioner was present at the hearing and presented her objections to the board, we cannot say that she was prejudiced by applicant's failure to specify the express provisions of the ordinance on which he was relying. See *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 278; *Taft* v. *Zoning Board of Review,* 76 R. I. 443, 447.

Moreover, in the recent case of *Bruzzi* v. *Board of Appeals,* 84 R. I. 220, 122 A. 2d 877, we held that sec. 16 (4), which is the same section relied upon by the board in the instant case, clearly confers authority on the board to extend a use or building into a more restricted district immediately adjacent to the land upon which the building is located or the use carried on. In that case we deemed it unnecessary to pass upon the question whether applicant's braid mill constituted an industrial B use. There we stated that even assuming it to be such a use, the board has authority to extend it to land immediately adjacent to its present situs, even though that land be classed as residential. The same reasoning applies to the instant case.

The applicant in the instant case clearly seeks a permit to extend the use now permitted on lot 197 to lot 198, which is located in a residential B district and is immediately adjacent to said lot 197. In our opinion the board did not err in treating the application as a request for an exception under the provisions of sec. 26.18 (4) and therefore it was not incumbent upon the applicant to prove unnecessary hardship even though his application states that he is requesting an "exception or a variation." *Harrison* v. *Zoning Board of Review,* 74 R. I. 135.

The petitioner also contends that the board abused its discretion and acted arbitrarily because the decision is not supported by legal evidence. It is well established in this state that on certiorari the decision of a zoning board will not be disturbed unless it is not supported by legal ev-

idence and is so arbitrary and unreasonable as to show a clear abuse of discretion. *Petrarca* v. *Zoning Board of Review, supra*. However, we have consistently held that the burden of showing such abuse of discretion is on those who seek to reverse a decision of a zoning board. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316. There, as in the instant case, the petitioner had such burden.

We have examined the record to determine whether there is any legal evidence to support the decision of the board. The petitioner in her brief concedes "that if the record indicated that the Board had personal knowledge of the situation, upon which its decision was based, and in its decision stated the reasons and conclusions supporting the decision, the absence of adequate evidence before the Board could possibly be cured, and the meager record implemented to a degree which could possibly relieve the Board of the obvious arbitrary character of its decision."

After a careful examination of the record it is our opinion that there is sufficient evidence to support the decision of the board and that its action was not arbitrary or unreasonable. The board has expressly found that the proposed addition will neither depreciate the surrounding property values nor create a traffic hazard. There is evidence in the record to sustain such findings. Moreover, the members of the board are presumed to have special knowledge in those matters which are so much a part of their administration of the ordinance. *Drabble* v. *Zoning Board of Review*, 52 R. I. 228, 232. They may act upon their knowledge of the character of the district if they make known the nature of such knowledge in their decision. *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515. However, it will not be presumed that they acted upon such special knowledge in the absence of a disclosure to that effect. *Harrison* v. *Zoning Board of Review, supra,* at page 141. In the instant case the board stated in its clarifying decision that it took a view and noted what it had observed.

Therefore on the evidence before it and from its special knowledge of the character of the district, which it noted in its decision, it is our opinion that the board was justified in finding that the use of the proposed addition will not be detrimental to the health and welfare of the neighborhood. Furthermore, the board imposed certain conditions and safeguards relative to the spray room, and in addition it prohibited the repairing of vehicles in front of the building and required that all rubbish be removed from the property at least once a week.

The board also made a finding that the proposed extension of the building and use into a more restricted district immediately adjacent thereto would be in harmony with the character of the neighborhood, appropriate to the uses and buildings permitted in this district, and possessive of a reasonable tendency towards promoting the public convenience. The board noted in its decision the general character of the neighborhood and described the uses found therein. It is also presumed to have knowledge of the other uses permitted in a residence B district by the city ordinances. These include, among others, gasoline filling stations, airplane landing fields, airship hangars and accessory buildings or structures if approved by the board. In such circumstances we cannot say that the decision of the board was not supported by legal evidence and that it was wholly arbitrary and unreasonable.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the respondent board.

FLYNN, C. J., did not participate in the decision.

*Thomas F. Vance Jr.*, for petitioner.

*John A. O'Neill*, City Solicitor, *Harvey J. Ryan*, Ass't City Solicitor, for respondent.