NICHOLAS CALDARONE *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

FEBRUARY 14, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

CONDON, C. J.   This is a petition for certiorari to review the action of the zoning board of review of the city of Warwick in denying the petitioners' application for a variance or exception from the zoning ordinance in order to erect a gasoline station.   We issued the writ and pursuant thereto the board has made due return of its records pertaining to the application and the hearing thereon.

It appears therefrom that petitioners are the owners of four vacant lots numbered 6, 7, 8 and 9 on assessor's plat numbered 319 situated at the southwest corner of West Shore Road and Moore street.   The petitioner Nicholas Caldarone testified that he had been unable to sell the lots and desired to let Texaco, Inc. use them for a gasoline station.

John Cadigan, a Texaco real estate agent, testified that he estimated the value of the station at $60,000 and that there was a need for such a station at the location in question. He testified further that the station would not adversely affect traffic by causing congestion, but would be good for business in the neighborhood and beneficial to the general public.

Two other realtors, George C. Salisbury and Francis J. McCabe, testified that they were familiar with the location and expressed the opinion that a gasoline station such as proposed would be a public benefit and would not adversely affect property in the neighborhood but rather would enhance its value. The petitioners presented no evidence tending to show that the lots could not be beneficially used by them for permitted uses in the general business zone in which they were situated.

Two owners of neighboring property testified in opposition to the application. Benjamin Harrison testified in substance that a gasoline station would devalue his property and that its location at this corner would increase traffic hazards and make Ninigret street where his house is situated a main thoroughfare. Edward Aiello also of Ninigret street, which is just south of West Shore Road, testified that he thought the station would cause his insurance rate to be increased. He also testified that traffic would be thereby congested at a very bad curve at West Shore Road and Moore street which latter street, he stated, was very narrow and was the only way in and out of Ninigret street to West Shore Road.

After the hearing the board viewed the premises and rendered their decision. They stated therein that relying upon knowledge obtained from such view and upon weighing the testimony they were of the opinion that the applicants had failed to prove the proposed station would promote the public convenience and welfare. They further stated that there

were other stations within a quarter-mile radius, that there were other permitted uses for which the lots appeared ideally suited, and that to deny the application would not deprive petitioners of all beneficial use of their land. For such reasons they denied the application.

The petitioners contend that the board abused their discretion in not granting an exception under sec. 14.2.3 of the ordinance in view of the evidence presented in support thereof and the absence of any tending to support the decision. Section 14.2.3 reads as follows: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." Under those provisions petitioners had the burden of proving that the proposed station was reasonably necessary for the convenience and welfare of the public. *Parker* v. *Zoning Board of Review,* 90 R. I. 166.

The board found that they had failed to discharge that burden. There was some evidence, albeit slight, that the station would produce a contrary result. From their own knowledge obtained by an actual view of the premises and the surrounding neighborhood the board also felt that petitioners' evidence was insufficient to meet the requirements of sec. 14.2.3. In these circumstances there is no merit in petitioners' contention that the board's decision is arbitrary and constitutes an abuse of discretion. It was within the board's province to base their decision on their own knowledge provided they made that fact known in their decision. *Harrison* v. *Zoning Board of Review,* 74 R. I. 135; *Drabble* v. *Zoning Board of Review,* 52 R. I. 228. Whether such knowledge together with the testimony of the remonstrants outweighed petitioners' evidence we do not consider. Ordinarily in certiorari under the zoning law this court does not weigh the evidence. *Colagiovanni* v. *Zoning Board of Review,* 90 R. I. 329.

From our reading of the transcript and our examination of the exhibits in evidence showing the surrounding area where the petitioners' lots are situated, we are satisfied that there was some evidence to support the board's decision. The lots are in a general business zone but no gasoline stations are permitted therein without the board's permission since there is no automotive district within such zone. It appears, however, that there are three such stations within a quarter mile of the petitioners' premises. Among other reasons hereinbefore mentioned for their denial of the petitioners' application the board stated that the public convenience and welfare did not require still another station in the area.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the board with our decision endorsed thereon.

*Charles F. Cottam,* for petitioners.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for respondent.