221 A.2d 794.

HEALTH HAVENS, INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

JULY 27, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This petition for certiorari was brought to review the respondent board's decision denying the petitioner's application for an exception or a variance to permit it to erect an addition to its nursing home on a parcel of land located in a residence A district. Pursuant to the writ the pertinent records have been certified to this court.

It appears from the record that petitioner's land is located on Wampanoag Trail; that in 1959 its predecessor in title was granted an exception pursuant to what is now the Revised Ordinances of 1963, sec. 32-20(8), authorizing the erection of a nursing home thereon; and that subsequently the land was conveyed to petitioner and the nursing home was erected.

The application recites that the proposed addition would be used as a nursing home; that petitioner seeks relief under sec. 32-20 (1), (2), (3), (4) and (6) of the revised ordinances and under the provisions of G. L. 1956, §45-24-19, subpars. a and c; and that the grounds for the requested relief are that the "Present facilities are inadequate for demand. The Medicare program will increase the demand and the proposed addition is needed to serve the needs of the community."

It appears from the evidence that the surrounding area is a one-family residential area, also in a residence A zone, with homes in the $17,000 to $30,000 price range; that petitioner is a privately-owned corporation operating the nursing home as a commercial enterprise; that the present building has beds for 58 patients; that about 50 beds would be added by the addition; that there are presently 38 to 40 persons employed on the premises with a maximum of 18 to 20 present at one time; and that the staff of employees would be increased to 68 or 70 by the addition.

There is also evidence that the proposed addition would cost about $275,000; that the rear wall of the building would come within six feet of the property line in the rear of the proposed addition in violation of the municipal building code; and that the total height of the building would be about 25 feet.

The petitioner presented evidence that the medicare bill would increase the need for additional facilities and that patients come from several other cities and towns. There is also evidence in the record concerning parking facilities and traffic problems. The petitioner and the objectors presented the testimony of real estate experts on the question of the effect of the requested relief on neighboring properties. Their testimony was conflicting. The petitioner's expert testified in substance that in his opinion the proposed addition would not substantially, permanently

or materially injure the appropriate use of neighboring property or adversely affect the value of such property. The expert presented by the objectors described the area as a prime residential area which was fully developed. He stated that all the houses in the immediate area were built after the erection of the present nursing home. He testified that in his opinion the proposed use would be detrimental to the salability and value of existing homes and would substantially injure the use of neighboring property.

We have discussed only such evidence as we believe pertinent to a consideration of the issues raised on this appeal.

The board denied petitioner's application and based its decision on its findings (1) that in its judgment the public convenience and welfare would not be substantially served "should this exception or variance be granted" and (2) that the appropriate use of neighboring property would be substantially or permanently injured "should this exception or variance be granted." The board prefaced the recitation of its two findings with a statement that they were based on all the evidence presented and on the personal knowledge of the members of the board of the land in question and of the area of the city involved.

We receive no help from the board's decision. Although it states that it bases its decision on the evidence presented and on the personal knowledge of the members of the board, it fails to refer to the specific evidence on which it relies or to give this court the benefit of such knowledge by telling us what it is. We are not unmindful of the fact that generally a zoning board is composed of persons not trained in the law, but we repeat again something which has been said many times. A zoning board should state the reasons or grounds on which it bases its ultimate decision, and not mere conclusions and generalities such as is the case here.

This is necessary because under our statute an aggrieved person has a right to judicial review on certiorari of an adverse decision by a zoning board. As the court said in *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515 at page 517: "Unless the reasons for the board's action are set forth in its decision, even though they be but briefly stated, this court cannot fairly decide whether the decision under review is consistent with the exercise of reasonable discretion by the board, or whether such decision is an arbitrary and unreasonable exercise of the board's power."

Although it appears that the board treated the application as one for an exception and/or a variance and denied it as such, its findings relate only to the language of an exception. It contains no findings referable to the requirements of §45-24-19c, the variance section of the enabling act. In the circumstances we must search the record to determine whether there is any merit in petitioner's contention that it had established by competent evidence that it was entitled to a variance under §45-24-19c and that the board had abused its discretion in failing to grant the same. *Richards* v. *Zoning Board of Review*, 100 R. I. 212, 213 A.2d 814. Section 45-24-19 enumerates the power vested in the boards. Section 45-24-19c vests the boards with the following power: "To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

On the basis of this record we hold that petitioner has not established its entitlement to a variance. The unnecessary hardship referred to in §45-24-19c means that compliance with the ordinance provisions would completely deprive the owner of all beneficial use of his land

and would be equivalent to complete confiscation of same. *Laudati* v. *Zoning Board of Review,* 91 R. I. 116. There is no evidence here that denial of the requested relief would deprive petitioner of all beneficial use of its property.

The petitioner cites *H. J. Bernard Realty Co.* v. *Zoning Board of Review,* 96 R. I. 390, 192 A.2d 8. That case dealt with the problem of relief from minimum lot-line regulations and reaffirmed the rule established in *Viti* v. *Zoning Board of Review,* 92 R. I. 59, and followed in *Reynolds* v. *Zoning Board of Review,* 95 R. I. 437, *DeFelice* v. *Zoning Board of Review,* 96 R. I. 99, 189 A.2d 685, and *Slawson* v. *Zoning Board of Review,* 100 R. I. 485, 217 A.2d 92. The *Viti* rule does not apply to the facts of the case at bar because, as the court pointed out in *H. J. Bernard Realty Co., supra* (96 R. I. at 395, 192 A.2d at 11), that rule applies only where the proposed use is a permitted use as distinguished from the limitations on the use one may make of his property. The proposed use here, as we shall point out later in this opinion, is not a permitted use. Having failed to prove unnecessary hardship, it follows that petitioner has failed to prove its right to a variance under §45-24-19c. In the circumstances petitioner would gain nothing by a remand of this case to the board for findings on this issue. For the reasons which we have stated a variance is not supportable on this record and we do not reach the question whether the other requirements of §45-24-19c have been met.

We come now to petitioner's contention that the board abused its discretion in denying the application as an exception. It contends that under sec. 32-9 of the revised ordinances its existing nursing home was a nonconforming use. Section 32-9 provides in part: "Any use of property existing at the time of the passage of this chapter that does not conform to the regulations prescribed in this chapter shall be deemed a nonconforming use."

It appears that East Providence adopted a zoning ordinance in 1926 under the general enabling act. In April 1963 there was a reenactment of the zoning ordinance by its revised ordinances when East Providence adopted its new city charter.

The petitioner contends that since its nursing home was in existence prior to April 1963, it became a nonconforming use by virtue of sec. 32-9 and that therefore it was entitled to a special exception under sec. 32-20(3) of the revised ordinances which provides:

> "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the zoning board of review may:
>
> \* \* \*
>
> "(3) Permit the extension of a nonconforming use or building upon the lot occupied by such use or building at time of the passage of this chapter."

We are not persuaded by petitioner's contention. We believe that petitioner's use continued as a conditionally permitted use under the exception granted in 1959. We also believe that the reenactment of the zoning ordinance in 1963 by its revised ordinances when East Providence adopted its new city charter was not the adoption of a new zoning ordinance so as to make all pure special exceptions and variances theretofore granted by the board legal nonconforming uses. In our judgment the present zoning ordinance is a continuation of the original, and not a new ordinance.

But assuming, without deciding, that the petitioner's present use is a nonconforming use, as it contends, and assuming further that petitioner's application is governed by the provisions of sec. 32-20(3), on this record petitioner gains nothing for the reason that the board expressly found, after hearing the conflicting evidence of the

real estate experts, that "the appropriate use of neighboring property will be substantially or permanently injured" by the proposed use. On certiorari we do not, absent compelling circumstances, weigh the evidence. *Champagne v. Zoning Board of Review*, 99 R. I. 283, 207 A.2d 50. The board's finding on this issue, being supported by competent evidence, is dispositive of the petitioner's instant contention, because under the terms of the ordinance the board lacked authority to grant the exception in the absence of a finding that the appropriate use of neighboring property would not be substantially or permanently injured thereby. *Hazen v. Zoning Board of Review*, 90 R. I. 108.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the board is affirmed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Charles F. Cottam*, for petitioner.

*F. Thomas O'Halloran*, City Solicitor, *John Sousa*, Assistant City Solicitor, *Edmund Wexler*, for respondent.