DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of North Providence. The plaintiffs seek reversal of the Board's decision dated November 2, 1994, which denied the plaintiffs' application for a special exception and variance to use the storage area above their garage as an office.
Facts/Travel
Vincent and Sandra Hannon (plaintiffs) own a piece of real estate located on 2 Amanda Court, North Providence, Rhode Island, specifically referred to as lot 1183 on Assessor's Plat 24C. The lot is zoned RS which is defined by the Zoning Ordinance of the Town of North Providence (Ordinance) as a district for single family residences with a minimum side yard depth requirement of ten feet. Article 11, § 3 and article III, § 1, Zoning Ordinance of the Town of North Providence (July 16, 1987). According to article II, § 5 (1) of the Ordinance, a professional office is permitted in an RS district as a special exception under the provisions prescribed in article X, § 3 (2).
On June 23, 1994, the plaintiffs applied to the North Providence Zoning Board of Review (Board) for a special exception and a dimensional variance to locate an office in the room above their garage. See Plaintiff's Application for Exception or Variance under the Zoning Ordinance dated June 23, 1994. Although the plaintiffs received a building permit in March of 1992 to build a garage with a storage room above it, the plaintiff, Mr. Hannon, has been using the room to draft documents for his job as an industrial designer. (7/28 Tr. at 4.) The garage is located nine feet and eleven inches from the side lot line at its front edge and about eight feet and three inches from the lot line at its back edge. (7/28 Tr. at 8.)
On July 28, 1994 at a properly advertised, scheduled hearing on the plaintiffs' application, the Board heard testimony concerning the petition. The plaintiff, Mr. Hannon, testified that he and a friend work in the area above the garage but that there is no noise from the office and the traffic is limited to early morning and evening. (7/28 Tr. at 46-47.) Four neighbors also testified on behalf of the plaintiffs, and plaintiffs presented notarized letters attesting to no objections to the petition.
Lawrence and Denise Reynolds, who own the adjacent land north of the plaintiffs, and James and Catherine Dempsey, who own the property which abuts the plaintiffs' back yard, testified in opposition to the application. (7/28 Transcript.) Denise Reynolds expressed concern, which was echoed by the Dempseys, about the lack of privacy because the plaintiffs can see into their windows from the balcony attached to the room above the garage. (7/28 Tr. at 34.) Lawrence Reynolds expressed concern over the negative impact a developing business may have on the neighborhood. (7/28 Tr. at 13.)
Following the hearing, the Board voted that the case be continued until the next meeting on August 18, 1994. After visiting the property in question, Mr. Caranci, a member of the Board, moved to deny the petition because of the "adverse impact on the neighbors as a result of the use of that room as an office." (8/18 Tr. at 5.) The Board voted unanimously to deny the application for a special-use permit and in their decision dated November 2, 1994, stated that, "the Board was of the opinion that the proposed use would be contrary to Public Interest," based on the finding that to grant the relief would create an adverse impact on the surrounding neighborhood. See Resolution of the North Providence Zoning Board of Review.
The plaintiffs filed a timely appeal to this court asserting that the Board's decision does not meet the standard of review provided by G.L. 1956 (1991 Reenactment) § 45-24-69.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
I. Special Exception
In Rhode Island General Laws 1956 (1991 Reenactment) §45-24-57 (A)(5), the General Assembly conferred upon boards of review the power "To authorize, upon application, in specific cases, special-use permits . . . where the zoning board of review is designated as a permit authority for special-use permits." Critical in granting such special use permits is the board of review's adherence to such general or special rules as are set out in the ordinance by the local legislature. Monforte v. ZoningBoard of East Providence, 93 R.I. 447, 451, 176 A.2d 726 (1962). In other words, the rules and standards governing the exercise of a board's authority to grant a special-use exception are "conditions precedent which must be met" before the zoning board is authorized to grant the special exception. Guiberson v. RomanCatholic Bishop, 112 R.I. 252, 259, 308 A.2d 503 (1973). Thus, the board's seemingly broad power to grant the special exception is actually limited by the provisions of the respective ordinances which provide for special exceptions — either via the zoning ordinance's general authorizing language or via the types of exceptions specifically enumerated in the ordinance. See Dean v. Zoning Board of Warwick, 120 R.I. 825, 829,390 A.2d 382 (1978).
The burden of presenting competent evidence to establish entitlement to relief under the conditions of the ordinance for a special-use permit falls on the applicant. Caldarone v. ZoningBoard of Review of Warwick, 95 R.I. 485, 488, 187 A.2d 924
(1963). Moreover, all of the conditions prescribed in the ordinance must be met before an exception may be granted. Klowanv. Zoning Board of Review of the Town of Cumberland, 99 R.I. 252, 254, 207 A.2d 42 (1965). In order to satisfy the conditions, however, the petitioner must show that not only the proposed use but also the location of the special-use exception on the premises does not have a detrimental effect upon public health, safety and general welfare. Toohey v. Kilday, 415 A.2d 732
(1980). The effect from the use of premises in a particular neighborhood upon the health and happiness of a person of ordinary sensibility is a question of fact to be determined by the board of review. Buckminster v. Zoning Board of Review of theCity of Pawtucket, 69 R.I. 396, 402, 33 A.2d 199 (1943).
With respect to the impact of the proposed use on the surrounding neighborhood, the Board had the following evidence before it. The plaintiff stated that there are two individuals who work in the office, and although the office can be seen by the neighbors, there is no noise. (7/28 Tr. at 8.) With respect to the effect of the office's location, which is less than the required set back of ten feet, the plaintiffs' neighbor stated that, "[w]hen they stand on that deck, they can see directly into my kitchen windows and into my living room windows . . . it's like right there, they're right there." (7/28 Tr. at 34-35.) Also, another neighbor described his concern as, "the fact that that office is right outside my back yard." (7/28 Tr. at 46.) In addition to this testimony, a board may act on knowledge acquired by inspection so long as the record contains some reasonable disclosure of the knowledge and the action based on it. Kelly v.Zoning Board of Review of Providence, 94 R.I. 298, 304,180 A.2d 319. Here, the record shows that a Board member reviewed the situation in person and found that the use of that location as an office, with its view of the adjacent properties, has an adverse impact on the neighbors. (8/18 Tr. at 5.) Thus, the Board had before it sufficient evidence to support its finding that the proposed use and its location on the site would have a detrimental effect upon the public convenience and welfare.
II. Dimensional Variance
In addition to a special exception, the plaintiffs requested a dimensional variance from side setback restrictions. The Viti
variance, also known as a deviation, offers relief to a landowner from area restrictions, such as rear and side setback requirements, where enforcement would deprive an owner of a use otherwise permitted under the zoning ordinance. Viti v. ZoningBoard of Review of the City of Providence, 92 R.I. 59,166 A.2d 211 (1960). However, it is well established that where a landowner seeks both relief from an area restriction as well as a special-use permit for a non-permitted use, the Viti rule is not applied. Sun Oil Co. v. Zoning Board of Review of City ofWarwick, 105 R.I. 231, 233-34, 251 A.2d 167 (1969). Because the plaintiffs applied for a variance from the side setback regulations for a use only conditionally permitted, that of establishing a professional office in a residential district, the dimensional relief is not available to the applicants.
III. Findings of Fact
The plaintiffs also contend that the decision of the Board fails to contain the minimum requirements of a competent decision by not setting forth findings of fact. It is well established that a decision of a zoning board will not be disturbed unless it is so arbitrary and unreasonable as to demonstrate an abuse of discretion. Apostolou v. Genovesi, 120 R.I. 501, 506-07,388 A.2d 821 (1978). The board must also state specific reasons, based on substantial or "legal" evidence upon which its findings were made; otherwise the case will be remanded for further information. Hopf v. Board of Review, 102 R.I. 275, 230 A.2d 420
(1967). However, the Supreme Court has stated that courts should not subject the parties to such delay and inconvenience where they were able to satisfy themselves from the record that the board's decision was either correct or erroneous regardless of the failure to give the grounds for their decision. Richard v.Zoning Board of Review of the City of Providence, 100 R.I. 212, 219-20, 213 A.2d 814, 818 (1965).
The record before this court contains the Board's Resolution, the petitioner's application, a map of the area, photos and a map of the site, letters from neighbors, and a transcript from the meeting at which the Board heard testimony from both sides and one from which the Board voted to deny the application. Thus, there was sufficient evidence before the Board to substantiate its decision.
After a review of the entire record, this Court finds that the Board's decision to deny plaintiffs' application for a special exception was supported by substantial evidence, and plaintiffs' rights were not prejudiced. Furthermore, said decision is neither arbitrary, capricious, characterized by error of law nor an abuse of discretion. Accordingly, the November 2, 1994 decision of the North Providence Zoning Board is hereby affirmed.
Counsel shall prepare an appropriate judgment for entry.