DECISION
This matter is before the Court on appeal from a decision of the Zoning Board of Review of the City of Providence (Board), denying Joseph Aloisio's request for zoning relief. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
In January of 1997, Joseph Aloisio (appellant) purchased the property located at 393 Charles Street in Providence, which is otherwise known as Club Confetti (Club). The property, which was designated as Lot 588, Assessor's Plat 71, was located in a C-2 commercial district, which prohibited the operation of nightclubs. See § 303 of the Providence Zoning Ordinance. However, pursuant to § 201.2 of the Providence Zoning Ordinance, appellant was entitled to continue operating Club Confetti as a legal nonconforming use since it was established in conformance with the zoning ordinance in effect at the time it began operation. Section 201.2 provides:
 "Continuance of use. Nothing in this ordinance shall prevent or be construed to prevent the continuance of a nonconforming use of any building or structure for any purpose to which such building or structure was lawfully established."
On or about January 15, 1997, appellant purchased the adjacent parcel of land described as Lot 587, Assessor's Plat 71. Lot 587 contained an abandoned building (adjoining building) which formerly served as a mechanic's shop and which shared a common wall with Club Confetti. After purchasing the parcel, appellant made improvements to the adjoining building, including the removal of the common wall, so that the building could be utilized as an entrance and exit way for the Club. The adjoining building also provided a ticket counter, two restrooms, and storage for the Club's summer patio furniture. After the purchase of Lot 587, the City of Providence approved appellant's request for a merger of Lots 588 and 587, so that appellant owned one single parcel designated as Lot 588 which contained the building housing Club Confetti and the adjoining building.[1]
Due to his failure to obtain the required permits prior to making the improvements to the adjoining building, appellant was cited in March of 1998 for violating the Rhode Island State Building Code and the Providence Zoning Ordinance. On May 15, 1998, appellant filed an application for a variance or special use permit seeking to install an awning and operate a nightclub in the adjoining building.
On September 8, 1998, the Board held an advertised hearing to consider appellant's application. Testimony was heard both in support of and in opposition to appellant's application and included a recommendation from the Department of Planning and Development that the application be denied. After this hearing, the Board denied appellant's application and filed its written decision on October 5, 1998.
The appellant filed a timely appeal from the Zoning Board's decision to this Court on October 21, 1998. On appeal, appellant asserts that the Board was without jurisdiction to consider his application since his use of the adjoining building constitutes an accessory use. Alternatively, the appellant contends that even if the use of the adjoining building is not an accessory use, the Board still lacked jurisdiction since the use of the adjoining building would then be an insubstantial intensification. The appellant further argues that the notice of the hearing was prejudicial and misleading, that the Board erred in applying the standard for a use variance rather than for a special use permit, and that the Board relied on improper and irrelevant evidence.
 STANDARD OF REVIEW
This Court possesses appellate review jurisdiction of a zoning board of review's decision pursuant to G.L. 1956 §45-24-69(D), that states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions; (2) In excess of the authority granted to the zoning board of review by statute or ordinance; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court, when reviewing the decision of a zoning board of review, must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. ZoningBd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." (Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court conscientiously finds" that the decision is supported by substantial evidence contained in the record.Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 ACCESSORY BUILDING
The appellant initially argues that since the land and the adjoining building were added to the nightclub lot solely to be used for accessory purposes, the Board had no jurisdiction to either approve or disapprove the uses. According to the appellant, the restrooms and hallway in the adjoining building are unquestionably uses that are "customary incidental and subordinate to" a restaurant and nightclub since they neither have independent legal significance nor enlarge the capacity of the Club in any way. Since the appellant is utilizing the adjoining building as an accessory use and is not expanding the use of his property, it is his contention that he did not need the Board's permission and as such, the Board had no jurisdiction to act on his application.
Chapter 27, Section 407, of the City of Providence Zoning Ordinance states that "[a]ccessory buildings to any . . . use, [other than one limited to 2500 square feet of gross floor area], shall be permitted to contain any accessory use which is customarily incidental and subordinate to the principal use, including a garage or storage building. All such buildings shall be on the same lot as the main use." Section 1000.6 (the definition section) of the Providence Zoning Ordinance defines "accessory use" as "[a] use of land or a building, or portion thereof, customarily incidental and subordinate to the principal use of the land or building. An accessory use shall not be permitted without the principal use to which it is related." The principal use is defined as "[t]he primary purpose or activity for which land or buildings are designed, arranged, or intended, or for which land or buildings are occupied or maintained." § 1000.139.
A review of the record reveals that the adjoining building does not constitute an accessory use. In his application, the appellant stated that he was seeking zoning relief to operate a nightclub in the adjoining building. The appellant knocked down the common wall between Club Confetti and the adjoining building thereby creating an entrance and exit way to the Club. The principal purpose for which the land and buildings are designated is the operation of a nightclub and the appellant's use of the adjoining building as an entranceway and for its restrooms is merely an expansion of that purpose. By having the entranceway, the appellant can close off the Viper Room for private functions and use the entrance solely for access to private functions, notwithstanding that on the nights when there is no private function, the entrance would be used for general entrance into the Club. Tr. at 3. The appellant can now also use the ticket counter in the adjoining building to collect any cover charges and to check identification, a task that previously was done in Club Confetti. Tr. at 6. Furthermore, although appellant contends that he is utilizing the adjoining building as an accessory use and is not expanding the use of his property, the appellant agreed that his use of the building was for the expansion of his business and operating space. Tr. at 14.
Accordingly, the record demonstrates that the use of the adjoining building is not customary incidental and subordinate to the use of Club Confetti and therefore is not an accessory use.
 INTENSIFICATION OF A NONCONFORMING USE
The appellant further argues that even if this Court were to find that his proposed use of the adjoining building was an expansion of the nightclub rather than an accessory use, the law still does not give the Board jurisdiction to act on his application. Specifically, the appellant asserts that the proposed use of the adjoining building as an entrance and exit way and for its restrooms does not amount to a substantial intensification of his lawfully established nightclub use. In support of his assertion, the appellant relies on Warner v.Zoning Board of Review of Newport, 104 R.I. 207, 243 A.2d 92, 94-95 (1968), in which the Court stated that if the proposed change of use is of the same character as the existing use, and would not substantially intensify that use, then the change may be made without zoning board approval. This reliance on Warner is misplaced.
The issue in Warner concerned whether a zoning board of review had jurisdiction to grant successive exceptions applying to the same land. The Court held that the Board's authority depended upon "whether the use sought by way of the subsequent exception partakes of the character of the use granted in the prior exception, and if it is such a similar use, whether, if granted, it would result in more than an insubstantial intensification of that use."
In the instant matter, Club Confetti became a nonconforming use as a matter of law and not by exception or variance. When the building was converted from a catering business to a nightclub, the property was located in a M-1 zone which permitted the operation of nightclubs. Although a variance was granted providing for parking relief in July of 1991, there was no variance required for the nightclub since it was a permitted use. When the zoning district was changed in 1995 to a C-2 district, which did not allow nightclubs as a permitted use, Club Confetti became a legal nonconforming use. It did not conform to the use regulations for that district but was established in conformance with the zoning ordinance in effect at the time it began operation. See §§ 200, 201. Accordingly, the language of the ordinance and not the holding in Warner would govern the determination of whether the Board had jurisdiction to review the appellant's application for zoning relief.
Pursuant to the pertinent ordinance, appellant must seek relief from the Board for even an insubstantial intensification of his nightclub. Section 200, entitled Nonconformance, provides that" . . . [a]ny moving, addition, enlargement, expansion, intensification or change of such use to any other use other than a permitted use shall require an application for special use permit or variance from the board."
 NOTICE OF THE HEARING
The appellant further argues the notice published and sent to the abutters in this matter was misleading and prejudicial. Specifically, the appellant asserts that the reference to § 200 is erroneous since that section deals with nonconforming uses. According to the appellant, Club Confetti is not a nonconforming use since his use of Lot 588 for a nightclub was established as a matter of right under the zoning ordinance prior to its amendment in 1995 and is permitted today under Use Code 58 by special-use permit. The appellant further argues that the reference to § 703.2, concerning parking requirements, is inapplicable since it is undisputed that the use of the old garage will not increase the capacity of Club Confetti, thereby elevating the need for a change in the parking requirements applicable to the Club.
It is well-settled that a person having an interest in a pending zoning matter must be afforded an opportunity to present facts that might shed light on the issues before the board,Perrier v. Board of Appeals, 86 R.I. 138, 144, 134 A.2d 141, 144 (1957), and that a notice properly advising the public of the date, time and place at which the application for relief is to be acted upon is a jurisdictional prerequisite. Mello v. Board ofReview, 94 R.I. 43, 49-50, 177 A.2d 533, 536 (1962). In order to be sufficient, the notice must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected.Carroll v. Zoning Bd. of Review, 104 R.I. 676, 679, 248 A.2d 321, 323 (1968). However, the notice need not necessarily be letter-perfect. Pascalides v. Zoning Bd. of Review, 97 R.I. 364, 368, 197 A.2d 747, 750 (1964).
The Court is satisfied that the Board's notice was so reasonably calculated and that substantial rights of the appellant have not been prejudiced. In his application, entitled "Application for Variance or Special Use Permit," the appellant indicated that the relief he was seeking was a use variance to permit him to install an awning and operate a nightclub. However, the appellant failed to state the sections under which he was seeking that relief. The notice, which was both published and mailed, correctly stated the date, time and place at which the hearing was to be held. As Club Confetti became a legal nonconforming use when the district changed to C-2, since it did not conform to the use regulations for that district but was established in conformance with the zoning ordinance in effect at the time it began operation, the reference to § 200 was not prejudicial. Furthermore, although the appellant contends that the reference to § 703 in the notice was misleading and prejudicial, the appellant has not illustrated exactly how he may have been prejudiced. See Perrier v. Board of Appeals ofPawtucket, 86 R.I. 138, 134 A.2d 141 (1957). The appellant appeared before the Board, accompanied by his attorney, and was afforded the opportunity to present his contentions. Accordingly, this Court is satisfied that the Board's notice was so reasonably calculated that substantial rights of the appellant were not prejudiced.
 PROPER STANDARD
The appellant also argues that the Board's decision should be reversed because the Board erroneously applied the use variance standard, which is the highest and most difficult legal standard, rather than the less stringent standard for a special use permit. Specifically, the appellant asserts that assuming that the annexation of Lot 587 and the use of the adjoining building constitute a substantial intensification of his nightclub use, he should have been held to the standard for a special use permit since nightclubs are authorized in C-2 districts by special use permit. Additionally, the appellant contends that there is no evidence in the record that he was planning a different use in the adjoining building, thereby requiring a use variance. Accordingly, the appellant alleges that he was prejudiced by the Board's insistence that he satisfy the standard for a use variance.
The application filed by the appellant stated that he was seeking a use variance for Lot 587 in order to install a small awning over a door and to operate a nightclub; however, the appellant failed to provide the section(s) of the zoning ordinance under which the application was made and is now arguing that the Board erred in applying the standard for a use variance rather than the standard for a special use permit. The Board advertised the hearing as one for a special use permit and, in its decision, denied the appellant a special use permit.
"[I]t is well settled that [the court is] allowed to sustain a correct judgment even if it was reached through faulty reasoning or mistake of law." Mesolella v. City of Providence,439 A.2d 1370, 1373 (R.I. 1982); see Berberian v. Rhode IslandBar Association, 424 A.2d 1072 (1981); Souza v. O'Hara,121 R.I. 88, 395 A.2d 1060 (1978). As there appears to have been, some confusion and since this Court is empowered to search the record to determine whether there is any merit to appellant's contentions, this Court will examine whether the appellant satisfied the standard for either a special use permit or a use variance. See Health Havens, Inc. v. Zoning Board of Review ofthe City of East Providence, 101 R.I. 258, 262, 221 A.2d 794, 797 (1966) (holding that where Board treated petitioner's application as one for an exception and/or variance and denied it as such, making findings relating only to language of an exception, and petitioner contended that it had established by competent evidence that it was entitled to a variance, the court is entitled to search the record to determine whether there was merit in petitioner s contention).
After a review of the record, this Court finds that appellant failed to satisfy the burden for either a special use permit or a use variance. With regard to the intent or purpose of the ordinance, it is clear that the expansion, intensification, or enlargement of a nonconforming use is disfavored. Accordingly, an application for special use permit or variance must be filed prior to any moving addition, enlargement, expansion, intensification, or change in use of a nonconforming use. See
§ 200.
Section § 902.3 provides that an applicant seeking a use variance must demonstrate:
 "(1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) that the relief to be granted is the least relief necessary."
Furthermore, in order to obtain a use variance, an applicant must demonstrate to the board that literal application of the zoning ordinance would completely deprive the landowner of all beneficial use of his or her property. See Almeida v. ZoningBoard of Review of the Town of Tiverton, 606 A.2d 1318, 1320 (R.I. 1992); see also § 902.3(B)(1). An applicant may not rely on bald assertions of economic hardship, but must present truly probative evidence to the zoning board, such as cost data or financial statements. Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984). "A `mere showing of a more profitable use that would result in a financial hardship if denied' does not satisfy the requirements for obtaining a use variance." Rhode Island HospitalTrust National Bank v. East Providence Zoning Board of Review,444 A.2d 862, 864 (R.I. 1982).
The record reveals no evidence was introduced by the appellant at the hearing that would establish that he would be denied all beneficial use of the property if the requested relief were denied. The appellant failed to offer any evidence that the adjoining building could not be used for any use which is permitted in a C-2 district. In fact, the appellant's attorney admitted at the hearing that he could not state that the appellant would be unable to utilize the adjoining building for another permitted use. Tr. at 11. Although the appellant's attorney contends that the building could possibly be used for another purpose if the appellant, to his financial detriment, was required to rip out the entranceway, no financial information of any kind was presented to the Board and the appellant did not offer any testimony regarding actual costs or financial losses that would be experienced. Tr. at 12; see Gaglione, 478 A.2d at 576. The Board, therefore, found in its decision that the appellant would not be deprived of all beneficial use of the adjoining building since it could be used for other C-2 purposes and was not necessary for the continued operation of the club. The decision also reflects that the Board also considered the recommendation of the Department of Planning and Development that the application be denied. See § 902.3(C). Accordingly, this Court finds that appellant failed to meet his burden before the Board.
With respect to a special use permit, zoning boards of review have the authority to grant a special use permit only when the applicant meets the standards established in the ordinance.Monforte v. Zoning Board of East Providence, 93 R.I. 447, 451,176 A.2d 726, 728 (1962). The standards set forth in the ordinance constitute conditions precedent which must be met before the board may grant a special use permit. Guiberson v.Roman Catholic Bishop, 112 R.I. 252, 259, 308 A.2d 503, 507 (1973). Furthermore, the applicant has the burden of presenting competent evidence that he is entitled to the relief requested.Caldarone v. Zoning Board of Review, 95 R.I. 485, 487,187 A.2d 924, 925 (1963).
The relevant conditions for granting a special use permit are set forth in § 902.4 of the Providence Zoning Ordinance. According to § 902.4, to authorize a special use permit, the Board must first:
 "(A) Consider the written opinion from the department of planning and development.
 (B) Make and set down in writing specific findings of fact with evidence supporting them, that demonstrate that:
 1. The proposed special use permit is set forth specifically in [the] ordinance, and complies with any conditions set forth therein for the authorization of such special use permit; 2. Granting a special use permit will not substantially injure the use and enjoyment of nor specifically devalue neighboring property; and 3. Granting the proposed special use permit will not be detrimental or injurious to the general health, or welfare of the community."
A review of the record reveals that the appellant failed to establish that the proposed special use permit would not injure the use and enjoyment or be detrimental or injurious to the general health, safety, or welfare of the community. Although an applicant for relief under an ordinance has the burden of presenting competent evidence to establish entitlement to relief, the the appellant offered no expert evidence at the hearing.Iannuccillo v. Zoning Board of Review of Town of Warren, 103 Rd. 242, 243, 236 A.2d 253, 255 (1967) (citing Caldarone v. ZoningBoard or Review, 98 R.I. 485, 187 A.2d 924 (1963)). As such, the Board had before it only the recommendation of the Department of Planning and the lay testimony of the objectors, that the Club, without the addition of the adjoining building, is already detrimental to the neighborhood and that the expansion of the Club would only intensify the problems. Under the terms of the ordinance, "the board lacked authority to grant [a special use permit] in the absence of a finding that the appropriate use of the neighboring property would not be substantially or permanently injured thereby." Health Havens, 101 R.I. at 265, 221 A.2d at 798. As the Board's decision ultimately addressed all necessary legal elements and since the petitioner failed to meet his burden for a special use permit, the Board's decision was neither clearly erroneous nor affected by error of law.
 COMPETENT EVIDENCE
The appellant additionally contends that the transcript of the hearing reveals that the Board based its decision, not primarily on evidence pertinent to the relief requested, but to a great extent on improper, irrelevant and inflammatory evidence. Specifically, the appellant asserts that the Board erred in admitting and considering extensive evidence of prior violations by Club Confetti. According to the appellant, heavy reliance was placed upon the statements of Ramzi Loqa, Director of the Department of Inspection and Standards for the City of Providence, although the record does not indicate that he was ever placed under oath or was subject to cross-examination.
Alternatively, the Board contends that an examination of the record demonstrates that all parties were afforded a full and fair opportunity to be heard and that those wishing to address the Board were afforded an opportunity to so do and were subject to cross-examination by other participants. According to the Board, the appellant's assertion that he was prejudiced by Mr. Loqa's statements is "baseless" since his attorney had the opportunity to challenge the statements and did so throughout the hearing. Furthermore, the Board asserts that its decision was premised not on the statements of Mr. Loqa, rather on the fact that the appellant failed to present any testimony which would satisfy his legal burden.
Although zoning boards perform quasi-judicial duties, the recognized informal character of such hearings does not require that they be conducted as are hearings before a duly established court of law. Colagiovanni v. Zoning Board of Review,90 R.I. 329, 158 A.2d 158 (1960). The zoning boards are not required to conduct these hearings in strict compliance with the rules of procedure that apply in the conduct of judicial trials or to strictly observe the rules of evidence. Zimarino v. Zoning Boardof Review, 95 R.I. 383, 187 A.2d 259 (1963).
After a review of the record, this Court finds that the Board's decision was supported by legally competent evidence and that substantial rights of the appellant have not been prejudiced. Since the appellant failed to satisfy the burden necessary to grant the relief he requested, it would have been an error for the Board to grant his application. Furthermore, review of the Board's decision evidences that the testimony of Mr. Loqa in no way served as a basis for the denial of the appellant's application. The application was denied solely on the basis that the appellant failed to offer the evidence required to satisfy his burden and to demonstrate to the Board that he was entitled to the relief which he was seeking. See Caldarone v. Zoning Boardof Review of Warwick, 95 R.I. 485, 488, 187 A.2d 924, 925 (1963) ("The burden of presenting competent evidence to establish entitlement to relief under the conditions of the ordinance for a special-use permit falls on the applicant.")
Accordingly, after reviewing the entire record, this Court finds that the decision of the Providence Zoning Board of Review was based upon the reliable, probative, and substantial evidence before it and was not affected by error of law. Substantial rights of the appellant have not been prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel shall prepare an appropriate judgment for entry.
[1] Since the Zoning Board's decision, the single lot has been re-numbered as Lot 589, Assessor's Plat 71.