GERARDO CUGINI *et ux. vs.* JOSEPH CHIARADIO *et al., as Members of the Zoning Board of the Town of Westerly.*

APRIL 3, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of the town of Westerly wherein that board granted an application for an exception to the terms of the zoning ordinance of that town. Pursuant to the writ the respondent board has returned to this court the records of the proceedings before it.

It appears therefrom that William J. Maisano & Associates, Inc., hereinafter referred to as applicant, is the owner of a parcel of land located on Spruce street in the town of Westerly that includes all of lot 1A and a portion of lot 1B on assessor's plat 61. The record does not disclose the present zoning classification of this parcel of land. The applicant alleges, however, that on June 10, 1960 it was informed in writing that lot 1A was zoned for business uses and that upon application therefor a building permit was issued to it by the building inspector on December 24, 1960. The applicant, relying upon the permit so issued, began the construction of a structure to be used as an office building by the state department of employment security.

For reasons which do not appear in the record, applicant at the time that it had completed construction of the foundation of the building was enjoined by the superior court from proceeding further to complete the building. As a consequence of this restraint applicant applied to the board of review for an exception to the terms of the ordinance under the provisions of sec. 23B 2 which authorize the location in any use district of a state or municipal building. The date of the filing of this application does not appear in the record, nor does the date upon which an advertising of the application was ordered appear therein. The record does reveal, however, that the application was advertised in The Westerly Sun on Thursday, February 8, 1962, apparently in compliance with the provision of par. 12 of sec. 27 of the ordinance which relates to the matter of public notice of pending hearings and proceedings of the board. In the advertisement the date for hearing was set as February 14, 1962. It appears from the record, however, that the hearing was continued at the request of the parties to March 14, 1962 and at that time was heard by the board.

During the hearing testimony was adduced on behalf of the applicant and the objectors. An officer of the applicant

corporation testified that provisions for off-street parking were being made and that such facilities would be adequate to preclude any additional on-street parking with a consequent congestion of traffic. Another witness testifying on behalf of applicant was a real estate expert, who stated that the neighborhood was becoming increasingly business in character, which tended to make the instant land unsuitable for residential uses, and that the erection of the proposed building would enhance the value of neighboring properties. Several of the objectors testified, their testimony being, in substance, that the erection of the building for the use proposed would result in loitering by unemployed persons coming there to collect unemployment compensation and that this would depreciate the value of their residential properties. After the taking of testimony was completed, the board voted to grant the exception for which application had been made, but the record does not disclose the grounds upon which the board based this action.

The petitioners contend that the board was without jurisdiction to hear and determine the instant application for a special exception by reason of noncompliance with those provisions of the ordinance which require that public notice be given of the pendency of a hearing on applications for special exceptions. The ordinance in sec. 23B prescribes certain conditions precedent to an exercise of the board's power to make special exceptions, among these being a hearing thereon and public notice of the pendency thereof. The town council in enacting the ordinance provided in par. 12 of sec. 27 thereof that public notice of a hearing or proceeding shall be "5 days' notice of the time and place thereof, printed in a newspaper of general circulation in the Town of Westerly."

The record discloses that the instant petition was advertised by order of the board on February 8, 1962 in The Westerly Sun. The advertisement stated that the application

had been filed with the board and that a hearing thereon was to be held on February 14, 1962. It is conceded that this was the only publication of notice concerning the pendency of the application and the hearing thereon.

The petitioners query first whether the enabling act conferred power upon the town council to prescribe in the zoning ordinance for public notice of the pending hearing. Second, petitioners contend that if the town council had such power, the notice by publication as provided for in par. 12 of sec. 27 of the ordinance is unreasonable and therefore does not constitute the constructive notice that this court held would satisfy the requirement therefor as prescribed in zoning ordinances. See *Mello* v. *Board of Review*, 94 R. I. 43, 177 A.2d 533.

We are unable to agree that the town council was without power to prescribe the public notice of a pending hearing on an application for an exception in enacting the zoning ordinance. The power of the town council in this regard is contained in a special enabling act applicable to the town of Westerly. P. L. 1922, chap. 2299, as amended by P. L. 1925, chap. 746. In sec. 9(d) of the special enabling act the zoning board is vested with power "To authorize on application in specific cases under general rules laid down in such ordinances special exceptions to the terms of any such ordinance * * *." We are of the opinion that the power to lay down general rules governing the making of special exceptions as provided in sec. 9(d) of the special enabling act is inclusive of authority to prescribe for the giving of public notice of hearings pending on applications therefor.

It must be conceded that the board, in ordering the insertion of the advertisement of February 8, 1962 in The Westerly Sun, was acting in good faith to comply with the ordinance requirements concerning the giving of public notice of the pendency of the instant hearing. We do not perceive, however, that the question of compliance therewith

has been raised precisely in the instant case. In an appropriate case petitioners' challenge to the reasonableness of the public notice prescribed in par. 12 of sec. 27 might well raise a question as to the adequacy of the publication therein made to constitute constructive notice of the pendency of a hearing sufficient to satisfy the constitutional requirement of due process.

Zoning legislation operates to restrict the owner of land in his free use thereof. *Lamothe* v. *Zoning Board of Review,* 81 R. I. 96, 101. Such enactments may well violate the constitutional guaranties against procedures which deprive one of property without due process of law. It is for this reason that statutes which authorize local legislatures to enact zoning ordinances make elaborate, specific provisions for hearing and notice of the pendency of such action by the local legislature. Where a board of review makes an exception to the terms of such an ordinance, generally that action operates adversely to property rights of other landowners in the community, *Abbott* v. *Zoning Board of Review,* 78 R. I. 84, 87, and thus comes within the purview of the due process provision of the fourteenth amendment to the federal constitution.

Due process contemplates opportunity to be heard. This right to be heard, however, is without meaning unless such notice of the pendency of a hearing or proceeding is adequate in the circumstances to safeguard the right. *Anderson National Bank* v. *Luckett,* 321 U. S. 233. What constitutes due process in procedures that affect property rights is to be determined by a consideration of the effect of the given procedure upon such rights. A proposal to alter the zoning restrictions made applicable to particular land may operate to depreciate the property rights of surrounding landowners, and in such instances due process with respect to the landowners would require either personal or constructive notice that is reasonably adequate to inform them of

the pendency of the procedure. In *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, the Supreme Court said at page 314: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information * * * and it must afford a reasonable time for those interested to make their appearance * * *." See *Schroeder* v. *City of New York*, 371 U. S. 208.

It does not appear, however, from the record in the instant case that any owner of land in the town of Westerly makes claim that an alleged inadequacy of the notice given in compliance with par. 12 of sec. 27 of the ordinance has operated to deprive him of property in violation of the due process clause by reason of a failure to have an opportunity to be heard. The record here discloses that all of the objectors to the grant of this exception appeared and testified. In such circumstances we are constrained to conclude that they had actual notice of the hearing and that they appeared thereat to make their objections known. The constitutional question above referred to not having been brought into issue by one whose rights thereunder are alleged to have been violated, the court will not pass upon it. *Newell* v. *Franklin*, 30 R. I. 258.

We turn to petitioners' contention that the decision of the board is arbitrary and an abuse of discretion. They argue thus on the basis of an absence in the record of findings of fact that support the decision. The record does not disclose that the board made any finding of ultimate facts which would warrant its decision to grant the exception, or, in other words, the record does not disclose the reasons upon which the board acted in granting the application.

We have held repeatedly that zoning boards should disclose the grounds upon which they act in hearing and determining applications for exceptions or variances. This is necessary to permit a review of such decision without speculation and unnecessary delay. *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130. In *Coffin* v. *Zoning Board of Review*, 81 R. I. 112, we said at page 114: "The parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt and unnecessary delay. Unless a zoning board complies with this requirement it runs the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for the decision in question." See also *Morin* v. *Zoning Board of Review*, 89 R. I. 406.

In other words, conceding the validity of petitioners' contention, it does not follow that a decision of the zoning board will necessarily be reversed absent express findings of the ultimate facts upon which the decision must rest. It is well settled that, if upon an examination of the record this court can find from the evidence contained therein that the board necessarily acted on the basis of such findings, although not expressed, in the interests of practical justice we will not reverse the decision. Where a board of review acts affirmatively upon an application for an exception the granting of which is conditioned upon the finding of ultimate facts prescribed in the ordinance, we will hold, in the absence of an express finding thereon, that there is an implicit finding in the decision of these prerequisite facts when the state of the evidence is such as would warrant the making of such finding by the board. See *Davis* v. *Zoning Board of Review*, 93 R. I. 484, 176 A.2d 735.

The ordinance in the instant case confers authority upon the board to act affirmatively to grant an exception when it is shown that the public convenience and welfare will be substantially served and the use of neighboring property

will not be substantially or permanently injured. In other words, the authority of the board to act affirmatively in the instant case depends upon a showing that the exception, if granted, would not be contrary to the public interests, *Monforte* v. *Zoning Board of Review,* 93 R. I. 447, 176 A.2d 726, and would not adversely affect the appropriate uses of neighboring properties. It is our opinion that the record contains evidence that the erection of the building here contemplated would not create traffic congestion by increasing on-street parking, would not substantially alter the residential character of the neighborhood, and would not adversely affect the appropriate uses of neighboring properties. The state of the evidence being such and the board having acted affirmatively upon the application, we are constrained to conclude that the finding of ultimate facts to the extent necessary to sustain the decision is implicit in the record.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the respondent is affirmed, and the records in the case certified to this court are ordered sent back to the respondent board.

*Edward M. Botelle,* for petitioners.

*James D. Thornton,* Town Solicitor of Westerly, for respondent.

*DeSimone & DeSimone, Herbert F. DeSimone,* for William J. Maisano & Associates, Inc., amicus curiae.