DECISION
This is an appeal from a decision of the Coastal Resources Management Council (CRMC). The plaintiffs seek reversal of the CRMC's grant of an Assent to Warren Trafton (Trafton) allowing Trafton to clear and maintain 4,190 square feet and install a fence around the cleared land. Jurisdiction in this Court is pursuant to G.L. 1956 (1993 Reenactment) § 45-35-15.
Facts/Travel
Warren Trafton owns real property located at one Enfield Street, lot 61 on Assessor's Plat 117, North Kingstown, Rhode Island. This property consists of an "island" of dry upland surrounded by salt marshland. In February 1995, Trafton filed an application with the CRMC for an Assent to perform work regulated by G.L. 1956 (1991 Reenactment) § 46-23-1 et seq. The application sought permission to clear a 4,190 square foot center section of the island. Trafton sought to maintain paths and a garden on the cleared land.
On March 8, 1995, the CRMC issued an administrative Assent which allowed Trafton to clear 4,190 square feet of the center section of the island for paths and shoreline recreation. (Administrative Assent A95-245 p. 1). The Assent also gave permission for the installation of a fence around the perimeter of the clearing. Id. The Assent also included several stipulations requiring Trafton to maintain the site according to CRMC specifications. (Administrative Assent A95-245 p. 4.) Stipulation D clearly states that "damage to the salt marsh is not allowed. The applicant shall be responsible for any restoration necessary should the salt marsh be damaged by the work proposed." Id.
On April 7, 1995, Douglas and Gail Ricci (plaintiffs) filed a complaint challenging the Assent issued by the CRMC to Trafton. The plaintiffs own real property located at 80 Fowler Road, North Kingstown, Rhode Island. According to Assessor's Plat 117, the plaintiffs are not immediate abutters to the cleared land. The plaintiffs assert that their property "abuts, surrounds and/or is affected by [Trafton's] [p]roperty." (Plaintiffs' Complaint p. 1.)
On appeal, the plaintiffs argue that the CRMC violated the due process clause of the 14th amendment when it did not give the plaintiffs notice of a proposed Assent and did not hold a hearing on the Assent application. Additionally, plaintiffs argue that the CRMC did not comply with CRMC regulations in granting the Assent to Trafton. The defendants argue that (1) the plaintiffs are not aggrieved persons under § 42-35-15 and as such lack standing to bring the appeal; (2) the issuance of the CRMC Assent does not constitute a contested case under the Administrative Procedures Act (APA); (3) the complaint should be dismissed due to plaintiffs' failure to join an indispensable party; and (4) the CRMC's Assent is supported by reliable, substantial evidence.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
Contested Case
The plaintiffs argue that the due process clause required the CRMC to conduct a hearing on the proposed Assent and give notice to the plaintiffs of this hearing. The defendants state that the instant matter is not a contested case under the APA and the case should be dismissed. The defendants further assert that a hearing is not statutorily required.
Under § 42-35-1(c), "contested case" is defined as "a proceeding, including but not restricted to rate making, price fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing."
"[A] hearing must be required by law in order for an administrative matter to constitute a contested case." PropertyAdvisory Group, Inc. v. Rylant, 636 A.2d 317, 318 (R.I. 1994). "Under § 42-35-15, judicial review is authorized for final orders in such [contested] cases . . . ." Pine v. Clark, 636 A.2d 1319, 1325 (R.I. 1994). "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." § 42-35-15(a). Except in certain circumstances not applicable here, a contested case is a prerequisite for an administrative appeal under § 42-35-15. SeePine v. Clark, 636 A.2d at 1325.
The CRMC is specifically required to provide notice and hearing in instances where a person refuses to obey a notice, or order of violation. See § 46-23-7.1. However, in instances where the violator agrees to an Assent, no hearing is statutorily required.
Under the Coastal Resources Management Program (CRMP) guidelines (regulations), a hearing is not required for a proposed Assent when certain criteria have been met. CRMP sect. 110.1. Depending upon the type of terrain, water, and proposed project, the proposed Assent may qualify as a category A Assent and not require a hearing. See CRMP sect. 110 Matrices.
In the case at bar, the real property of Warren Trafton was classified as being near type 2 water and coastal wetlands. Defendants' Exhibit H — Biological Signoff of Environmental Scientist Davis S. Reis. The Biological Signoff commented that the "project appears to have minimal impact on coastal biological processes. There are no biological objections . . . ." Id. The project was described as a cleared area surrounded by a fence, with no structural improvements. Id. Environmental scientist David S. Reis (Reis) classified Trafton's application as a category A application. Id. This classification corresponds to the matrix designation for type 2 water. CRMP Sect. 110.
Category A applications do not require review by the full council if four criteria are met. CRMP sect. 110.1. Once the council's executive director verifies that the four criteria have been met, he may issue an Assent for the activity without holding a hearing on the matter. Id. The four criteria include (1) complying with the goals, policies, prerequisites and standards of the CRMP; (2) complying with all buffer zone and setback requirements in sections 140 and 150; (3) substantive objections are not raised by abutters of those category A applications sent out to public notice, CRMC members have not objected, the Executive Director has not determined that the activity should be reviewed under category B; and (4) compliance with all state and local statutes, ordinances, and regulations. CRMP sect. 110.01.
In the instant case, the Executive Director verified that all four criteria had been met in issuing the Assent to Trafton. Where competent evidence is present, this Court will defer to the CRMC's expertise in verifying the above criteria. Milardo, 434 A.2d at 272. The record indicates that the buffer zone and setback requirements were not implicated because Trafton did not seek to build a structure on the site. CRMP sect. 140, 150. Furthermore, the record reveals that no substantive objections were raised by the CRMC members. In addition, pursuant to the CRMP, public notice of the proposed assent was not required. CRMP. Sect. 110 Matrix. The Biological Signoff of Reis ensured that the project complied with CRMP goals and policies. The project complied with all applicable statutes, ordinances and regulations. (Defendants' Exhibit G.)
Neither the agency's governing statute, § 46-23-1 et seq., nor its regulations required the CRMC to hold a hearing on the proposed assent in the instant matter. Accordingly, the instant matter does not constitute a contested case under the provisions of § 42-35-1(c) and is therefore not appealable pursuant to § 42-35-15(a).
Lack of notice for a hearing that was not required did not violate the due process rights of the plaintiffs. The due process clause protects one's "use and possession of property from arbitrary [government] encroachment . . . ." Fuentes v. Shevin,407 U.S. 67, 81, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).
In contending that they are entitled to notice and a hearing, the plaintiffs rely on Cugini v. Chiaradio, 96 R.I. 120,189 A.2d 798 (1963) for the proposition that governmental restrictions which may operate to depreciate property rights require same. InCugini, which involved zoning legislation, our Supreme Court recognizes that as "[z]oning legislation operates to restrict the owner of land in his free use thereof . . . [s]uch enactments may well violate the constitutional guarantees against procedures which deprive one of property without due process of law." Id. at 800. For this reason, the Cugini Court continued, "statutes which authorize local legislatures to enact zoning ordinances make elaborate, specific provisions for hearing and notice of the pendency of such action by the local legislature." Id. at 800-801.
Analogously, in the administrative context, the CRMC statute specifically provides that those persons who violate or refuse to obey a CRMC order are entitled to notice and hearing under § 46-23-7.1. In addition under the CRMP, notice and hearing is required for proposed projects which entail a significant impact on the environment. CRMP sect. 110. With respect to determinations which are not considered contested cases, the CRMC does not require a hearing. CRMP sect. 110. "Deciding which class of cases qualify for contested case status reflects an important matter of public policy and the primary responsibility for formulating public policy must remain with the legislature."Summitt Hydropower v. Commissioner of Environmental Protection,629 A.2d 367, 376 (Conn. 1993).
Nevertheless, plaintiffs contend that a constitutional right requires a hearing in the instant matter. In Matthews v.Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the United States Supreme Court essentially found that due process is a flexible concept that involves a balancing of factors. Accordingly, the procedural requirements of due process vary from case to case. High Horizons Development v. Department ofTransportation, 575 A.2d 1360, 1367 (N.J. 1990). (Quoting Lopezv. New Jersey Bell Tel. Co., 51 N.J. 362, 373, 240 A.2d 670
(1968). In the administrative context, wherein legislative and adjudicative facts are involved, their distinguishment is critical, as "a party never has a constitutional right to a trial-type hearing to resolve a contested issue of legislative fact." Davis Pierce Administrative Law Treatise, (3rd Ed.) at 56 (1994). Essentially, unlike adjudicative facts which concern the immediate parties, High Horizons, 575 A.2d at 1365, legislative facts are general facts which help the tribunal decide questions of law, policy, and discretion. Davis, supra, at 55. As the CRMC's determination that the proposed assent did not have a significant impact on coastal biological processes (see
Defendants' Exhibit H — Biological Signoff of Environmental Scientist David S. Reis) is supported by substantial evidence of record and such determination does not pursuant to § 42-35-15
require a hearing, this Court finds that the agency decision does not violate the due process rights of the plaintiff. SeeRockville Fish Game v. Inland Wetlands, 650 A.2d 545, 549 (Conn. 1994). (Commission's determination that a wetlands permit did not involve a "significant activity" and thus did not require a public hearing may not be disturbed if amply supported by the record).
Finally, the plaintiffs simply state that they have an adversely affected property interest, without offering any evidence of record to prove their assertion. The plaintiffs have not alleged any injury in fact warranting notice and a hearing, as required under the due process clause. See East GreenwhichYacht Club v. CRMC, 376 A.2d 682, 685 (R.I. 1972). A review of the record does not indicate that the decision of the agency was in violation of constitutional provisions.
As this court finds that the plaintiffs' have not appealed a contested case and that the agency decision is not in violation of the due process rights of the plaintiff, this Court need not address the remaining issues.
Accordingly, the decision of the CRMC on March 8, 1995, to grant an Assent to Warren Trafton is affirmed. Counsel shall prepare the appropriate judgment for entry.