DECISION
This matter is before this Court on appeal from a decision of the Jamestown Zoning Board (Board). Florence Murray (plaintiff) seeks reversal of the Zoning Board's decision granting Bruce and Noel Brakenhoff (defendants) a dimensional variance from Article 3, Table 3.2. The defendants sought said deviation in order to construct a two car garage, part of which would be twelve feet from their southerly property line instead of the required Twenty feet. Jurisdiction in this Court is derived from G.L. 1956 §45-24-69.
 Facts/Travel
The subject lot in question is Assessor's Plat 2, Lot 92, located on East Shore Road in Jamestown, Rhode Island. This property has been in defendant, Brakenhoffs', ownership for thirteen years. On April 20, 1998, Bruce Brakenhoff applied for a deviation from the Jamestown Zoning Ordinances so that he and his wife could build a two car garage at the end of their existing driveway. The Jamestown Zoning Ordinances line. Since approximately one third of the defendants' proposed garage would fall within the twenty foot setback, the defendants were required to apply for a deviation from this zoning requirement. Plaintiff's property abuts the defendants' land and she opposed the defendants' request for a deviation, in part, on the grounds that it would change the character of the neighborhood.
The Jamestown Zoning Board of Review held a meeting on May 28, 1998, at which time they made the following findings:
 1. Said property is located in a RR80 zone and contains 51,000 sq. ft.
 2. The proposed location affords the property owners the ability to turn around in an existing driveway without backing into East Shore Road.
 3. The size of the lot and location of the existing home, well, and driveway and topography to the north would probably require a variance for any other location.
 4. The location of the proposed garage and variance requested is the least required without placing an undue hardship upon the property owner.
 5. One abutting property owner spoke in favor of the variance and one spoke against.
The motion carried by a vote of 4-1. It is from this decision that the plaintiff now appeals.[1]
 Standard of Review
Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956
(1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of, discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou,
388 A.2d 824-25). The Court should examine the entire record to determine whether there is substantial evidence to support the Board's decision. Salve Regina College v. Zoning Board, 594 A.2d 878
(R.I. 1991).
 Notice
In support of her appeal, the plaintiff first argues that the Zoning Board did not provide her with adequate and sufficient notice of the May 28, 1998 hearing. Specifically, the plaintiff states that, "[she] was provided written notice of the May 19, 1998 meeting." As the Board of Review did not have a quorum present at that meeting, it was cancelled. The meeting was "tentatively rescheduled" for May 28, 1998. The Jamestown Zoning Board of Review did not provide written notice to abutters of the rescheduling of the May 19, 1998 meeting, or of the postponement of the Brakenhoffs' application for variance to a later date.
The Rhode Island Supreme Court has "often observed that adequate and sufficient notice of the pendency of board action is a requirement of due process in zoning matters." Carroll v.Zoning Board of Review of Providence, 104 R.I. 676, 679,248 A.2d 321, 323 (1968); Cugini v. Chiaradio, 96 R.I. 120, 189 A.2d 798
(1963) Compliance with this mandate is a jurisdictional prerequisite. Zeilstra v. Barrington Zoning Bd. of Review,417 A.2d 303 (R.I. 1980). "To be sufficient, the notice sent `must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected." Zeilstra, 417 A.2d at 307 citingPaquette v. Zoning Board of Review of West Warwick, 118 R.I. 109, 111, 372 A.2d 973, 974 (1977).
In Zeilstra, the Rhode Island Supreme Court found that the petitioner had received due notice of the hearing of the board, as evidenced by his appearance. Id. at 307. In the present case, the plaintiff admits that she was provided written notice of the original May 19, 1998 meeting. She further recognizes that she was aware of the fact that the meeting was tentatively rescheduled for May 28, 1998. Id. Furthermore, the plaintiff registered her objection to the defendants' request via a letter to the board. It is not clear from the record whether the plaintiff in fact attended the original May 19th meeting, however, the pertinent fact here is that she was aware of its being scheduled, and, in fact, postponed. It is this Court's opinion that this situation is analogous to Mr. Zeilstra's attendance in Zeilstra v. Barrington Zoning Bd. of Review, 417 A.2d at 307. The purpose of the notice requirement is to afford all interested parties the right to voice their opinions in an open forum. In this case, the plaintiff was effectively given notice of the original meeting and was, by her own admission, aware of both the first and second meeting times and dates. To require a board to re-issue notice to all interested parties every time that a meeting was continued would, in this Court's opinion, be unduly burdensome and is not required.
 Substantial Evidence
The plaintiff further argues that the findings of the Board are not supported by the record and are erroneous in view of the reliable, probative, and substantial evidence of the record. In support of this argument, she asserts that "locating the Brakenhoffs' garage within twelve (12) feet of the southerly property line would damage the nature, beauty and character of the surrounding property, including plaintiff's property, and is therefore contrary to section 606(3) of the Jamestown Zoning Ordinance, which prohibits a variance that would "alter the general character of the surrounding area." The plaintiff argues that the defendants' could alternately remove and replace the existing trees on their property so as to locate their garage elsewhere. In passing, the Court would note that, based on the photographic evidence, such deforestation would alter the character of the area in a far more deleterious manner than defendants' proposal. It is unnecessary for this Court to address such matters, however, since it is limited to a review of the record established below.
The plaintiff also argues that because the defendants have several other choices for the location of their garage, their reasons for placing it in the present location do not satisfy the burden of"more than a mere inconvenience." The defendants in this action are not required to prove a loss of all beneficial use in order to establish a right to relief from the zoning regulations, only that denial of their request will result in something more than a mere inconvenience. Viti v. Zoning Board of Review of Cityof Providence, 166 A.2d 211, 213 (1960).
The defendants' property is within a residential zone where the establishment of a two car garage is a permitted use. The record is replete with testimonial evidence supporting the Board's finding that denial of this deviation would constitute more than a mere inconvenience to the homeowners. In fact, the granting of this deviation seems as much a matter of safety as convenience. The defendant, Mr. Brakenhoff, testified, and the record reflects, that the location of the garage "permits [them] a turn around, which [they] now have in the driveway so that [they] do not have to back out on East Shore Road, which would be extremely dangerous." This fact, among others, satisfied the board that the denial of the defendants' request would constitute more than a mere inconvenience. This Court cannot cite any clear error in the board's decision.
When reviewing a decision of a zoning board, this Court may not substitute its judgment for that of the zoning board. After thorough review of the entire record, this Court finds that the decision of the board is supported by substantial evidence, does not violate constitutional, statutory or ordinance provisions, is not in excess of the authority granted it by statute or ordinance and is not effected by any other error of law. Accordingly, the decision of the zoning board is affirmed.
Counsel shall prepare the appropriate judgment for entry.
[1] The plaintiff was unable to personally attend this meeting but she made her objection known via a letter to the board.