DECISION
Before this Court is the appeal of David W. Nelson ("Appellant") of a decision by the Zoning Board of Review of the City of Newport ("the Board"), which granted the dimensional variance application of Alister and Mary Reynolds ("Appellees"). The Board's written decision was filed on June 26, 2007. Appellant filed a timely appeal to this Court on July 12, 2007. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
On May 16, 2006, the Appellees acquired an undeveloped 182,933 square foot parcel at 58 Brenton Road in Newport, Rhode Island. The land comprising and surrounding Appellees' lot is characterized by large, rocky outcrops, which impede development. The lot's previous owner, a real estate developer, therefore performed extensive blasting on the site to clear it for construction. On this parcel, the Appellees intend to build a single-family home.
On August 1, 2006, the Appellees applied to the Board for a height variance from the City of Newport Zoning Code's maximum allowed 35-foot-high structure. See § 17.48.060. Although Appellees' proposed home will stand only 33.5 feet at its tallest point, with the majority of the building to stand 30 feet, under the zoning code height is measured from *Page 2 
"established grade" rather than the land's actual grade. See § 17.08.010. "Established grade" is determined by calculating "the mean of the highest and lowest points within the building envelope . . ., upon the natural topography on site prior to any development, filling grading, or other land disturbance." Id. Thus, in this case, because the low point of Appellees' building envelope is 14 feet and the highest point is 50 feet, the "established grade" equals the mean of those two figures: 32 feet. Because the point at which Appellees propose to build is at elevation 42 feet — ten feet higher than "established grade" — the maximum height of a home they could build, without a variance, is 24 feet. Thus, Appellees applied for a variance from this height restriction.
The Board held public hearings on Appellees' application on November 27, 2006 and January 8, 2007. At the conclusion of the evidence, the Board voted 5-0 to grant Appellees' request. A written decision was filed on June 26, 2007. The instant appeal followed.
Before this Court, Appellant argues (1) that the Board lacked jurisdiction to grant Appellees' variance because it failed to provide due notice to all abutters in compliance with the zoning code and (2) that the Board's decision and findings of fact were not based upon substantial evidence of the whole record.
 II Standard of Review
The standard by which the Superior Court reviews a zoning board's decision is codified
in G.L. 1956 § 45-24-69(d):
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or *Page 3 
decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Questions of law are reviewed de novo by this Court. Narragansett WireCo. v. Norberg, 118 R.I. 596, 607, 376 A.2d 1, 6 (1977). Such questions may be reviewed to determine what the law is and its applicability to the facts. Id.
 III Analysis
Appellant contends that the Board lacked jurisdiction to conduct a hearing and to render a decision on Appellees' application because notice was not provided to an abutter, Syndor Settle, in accordance with the City of Newport Zoning Code. Section 17.108.010(4) of the zoning code requires that notice of a hearing on an application for a variance "shall be sent by first class mail fourteen (14) days prior to the date of the hearing to the applicant and to all those who would require notice under Section 17.112.070." Section 17.112.070 provides that
 [w]ritten notice of the date, time, and place of the public hearing and the nature and purpose of the hearing shall be sent to all owners of real property whose property is located in or within not less than two hundred (200) feet of the perimeter of the area proposed for change. . . . *Page 4 
The notice requirement in zoning matters is "purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the board" and to assist "`the board to do substantial justice to an applicant while preserving the spirit of the ordinance under construction.'" Carroll v. Zoning Bd. of Review ofthe City of Providence, 104 R.I. 676, 678, 248 A.2d 321, 323 (1968) (quoting Mello v. Zoning Bd. of Review of the City of Newport,94 R.I. 43, 49, 50, 177 A.2d 533, 536 (1962)). It is well-settled that a zoning board's "strict compliance" with statutory notice provisions is a prerequisite to the board's exercise of jurisdiction. See Ryan v. ZoningBd. of Review of the Town of New Shoreham, 656 A.2d 612, 615 (R.I. 1995); Zeilstra v. Barrington Zoning Bd. of Review, 417 A.2d 303, 307
(R.I. 1980); Mello, 94 R.I. at 49, 177 A.2d at 536. Accordingly, a zoning board which has not strictly complied with statutory notice provisions has acted without jurisdiction, rendering its decision a "nullity." Ryan, 656 A.2d at 615-16.
Appellees maintain that because Appellant did not raise this issue of notice before the Board, he cannot now, for the first time on appeal, raise the issue. It is true that the Rhode Island Supreme Court has applied the longstanding "raise-or-waive rule" to zoning appeals.See Ridgewood Homeowners Assoc. v. Mignacca, 813 A.2d 965, 977 (R.I. 2003). The issue presented here, however, is an issue of subject matter jurisdiction,[1] and it is equally well-settled that questions of subject matter jurisdiction can be raised at any stage of the proceedings. See, e.g., Pollard v. Acer Group, 870 A.2d 429, 433 (R.I. 2005); LaPetite Auberge, Inc. v. R.I. Comm'n for Human Rights,419 A.2d 274, 280 (R.I. 1980). Because an absence of subject *Page 5 
matter jurisdiction "means quite simply that a given court lacks judicial power to decide a particular controversy," Pollard,870 A.2d at 433 (emphasis in original), our Supreme Court has held that subject matter jurisdiction does not "depend on whether the decision under challenge is right or wrong": the question is merely whether the court has the power to decide the case on the merits. George v.Infantolino, 446 A.2d 757, 759 (R.I. 1982). Thus, if the Board did not properly notice an abutter under the zoning code, and if Appellant can rightly claim a lack of notice on his behalf, the Board's decision was a "nullity," and this Court will not possess subject matter jurisdiction to entertain judicial review on the merits.
Secondly, Appellees argue that because Appellant appeared before the Board, he has waived any claim of deficient notice. Our Supreme Court has consistently held that when an "unnotified party" appears before a zoning board, that party "waives the right to object to any alleged deficiency of notice." See, e.g., Ryan, 656 A.2d at 616;Zeilstra, 417 A.2d at 307; Cugini v. Chiaradio, 96 R.I. 120, 125-26,189 A.2d 798, 801 (1963). With the exception of the objectors inRyan, however, the objectors in such cases had not personally received proper notice, but did attend the zoning board's hearing.Zeilstra, 417 A.2d at 307; Cugini, 96 R.I. at 125-26, 189 A.2d at 801. In each case, the unnotified party was held to have waived any claim as to improper notice. See Zeilstra, 417 A.2d at 307 (holding that the petitioner, who appeared before the zoning board accompanied by counsel, could not thereafter claim he had received insufficient notice);Cugini, 96 R.I. at 125-26, 189 A.2d at 801 (holding that the objectors who claimed that they had not received notice had appeared and testified before the zoning board and therefore waived any claim to deficient notice); see also Perrier v. Bd. of Appeals of Pawtucket, 86 R.I. 138,143-44, 134 A.2d 141, 144 (1957) (same). Here, the facts differ. Appellant is not an "unnotified party" claiming lack of personal notice after having appeared before the Board. *Page 6 
Instead, he claims that another, who did not appear before the Board, went unnotified as to Appellees' petition.
Ryan, however, has some similarity to the case at bar as it was the appellees in that case, and not the individual who had received no notice of the appellant's variance application, who asserted that the Board was without jurisdiction. See 656 A.2d at 614-16. There, the zoning board originally granted appellant's application, but realizing an abutting landowner was not noticed, sua sponte called a second hearing. Id. at 614. At this second hearing, the appellant provided a written statement from the unnoticed abutter waiving notice of the original hearing. Id. The Ryan Court held that this written statement was a valid waiver, denying the appellees' claim of lack of jurisdiction based on improper notice. Id. at 616. Here, however, the situation is distinguishable: no such waiver from Mr. Settle exists in the record.
Appellees also contend that Appellant lacks standing to assert a lack of notice on behalf of Mr. Settle, who has made no appearance in the proceedings. However, as one court aptly noted: "`One without notice is rarely in a position to complain of his ignorance, being unaware of his ignorance.'" Washington Gas Energy Serv., Inc. v. District of ColumbiaPub. Serv. Comm'n, 893 A.2d 981, 989 (D.C. 2006) (quoting Dupont CircleCitizens Ass'n v. District of Columbia BZA, 403 A.2d 314, 318-19 (D.C. 1979)). The same court further held that one with actual notice may assert deficiency regarding notice to another "`[a]s a matter of practical necessity.'" Id. Otherwise, an agency could "`largely disregard its notice regulations during the hearing proceedings, knowing that it may avoid judicial review by asserting the lack of standing of the opponents of its action.'" Id. It is the opinion of this Court, too, that Appellant has standing to assert deficiency of notice with respect to Mr. Settle.
Finally, Appellees argue that the record is devoid of any evidence that Mr. Settle is, in *Page 7 
fact, an abutter as defined by the zoning code; in other words, that he owns property within 200 feet of Appellees' parcel. On the contrary, in the record there exist several instances referring to Mr. Settle as a nearby landowner. (See, e.g., Tr. 1/8/2007 at 42, 43, 50, 64.) Indeed, a map — stamped by the City of Newport clerk and entered into evidence at the hearing — demonstrates that Mr. Settle's property line is within 200 feet of that of the Appellees. (Appellant's Ex. 6.) A list of abutters who were notified of Appellees' application is also provided among the exhibits, and absent from that list is Mr. Settle. Accordingly, the record demonstrates that Mr. Settle is an abutter under the zoning code and that he did not receive notice.
In sum, this Court finds that Mr. Settle is an abutting landowner under the zoning code, that he did not receive notice of Appellees' application, that the Appellant has standing to raise this issue, and because it is an issue of subject matter jurisdiction, Appellant may raise this claim for the first time on appeal. Thus, because the Board did not strictly comply with the notice requirements of the zoning code, it lacked jurisdiction over Appellees' application, rendering its decision a "nullity." See Ryan, 656 A.2d at 615-16. The Board therefore acted in excess of its authority under the ordinance provisions.
It shall be noted, however, that this Court, in addition to considering the parties' jurisdictional arguments, has reviewed the entire record and the Board's decision. But for the jurisdictional defect, this Court would likely hold that substantial evidence existed in the whole record to support the Board's unanimous decision.
 IV Conclusion
This Court finds that because the Board failed to notify all abutters as required by the City of Newport Zoning Code, it has acted in violation of ordinance provisions. As such, *Page 8 
substantial rights of the Appellant have been prejudiced. This case is remanded to the Board for a de novo hearing in compliance with the notice requirements of §§ 17.108.010(4) and 17.112.070 of the City of Newport Zoning Code.
Counsel shall submit an order for entry in conformance with this decision.
[1] For instance, in Bayview Towing, Inc. v. Stevenson, 676 A.2d 325,328 (R.I. 1996), our Supreme Court held that the "Superior Court [lacks] subject matter jurisdiction to review a final agency decision that never existed." Here, as explained infra, if this Court finds that the Board's decision was a "nullity" due to insufficient notice, this Court will similarly lack subject matter jurisdiction to conduct any review. *Page 1